UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KERRY PETTY** | **CIVIL ACTION** |
| **VERSUS** | **NO:    13-6021** |
| **ORLEANS PARISH SCHOOL BOARD** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is Defendant, Orleans Parish School Board's ("OPSB") **Motion for Dismissal (R. Doc. 5)** seeking dismissal of Plaintiff, Kerry Petty's ("Petty") claims pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5) and 12(b)(6).[1] The motion is unopposed.[2] The motion was originally submitted on December 11, 2013. *See* R. Doc. 9. However, Petty, who originally filed this action as a *pro se* complainant, sought an extension to reply to the motion for dismissal and to obtain an attorney on December 12, 2013. *See* R. Doc. 14. This Court granted Petty's request, giving him until December 27, 2013 to file responsive pleadings and obtain counsel. *See* R. Doc. 15.

On December 30, 2013, Jean-Paul Robert sought to enroll as counsel for Petty and sought an extension to oppose, and / or file responsive pleadings to the instant motion. *See* R. Docs. 17, 19. This Court granted both requests, and gave counsel for Petty until January 10, 2014, to file an opposition to this motion. *See* R. Docs. 19, 20. As a result, this Court reset and continued the hearing on the **Motion for**

---

[1] The Magistrate Judge is acting upon consent of the parties, pursuant to 28 U.S.C. § 636(c). R. Doc. 11.

[2] Counsel for Petty never filed any opposition to the motion although the Court granted several requests for extension to do so. Therefore, the Court shall consider the motion unopposed.

**Dismissal** until January 15, 2014, to be heard on the briefs. However, counsel for Petty never filed an opposition to the motion.

I.   **Background:**

Plaintiff, Kerry Petty, ("Petty") a thirty-nine (39) year old, African-American male, alleges that on May 1, 2013, he was wrongfully terminated from his teaching position at McDonogh 35 High School by the Superintendent of the Orleans Parish School Board, Stanley Smith ("Smith"), for his alleged absenteeism and poor work performance. *See* R. Doc. 1, p. 1.

On June 26, 2013, Petty filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race, sex, age and disability discrimination, as well as discrimination based on retaliation which occurred between May 1, 2013 and May 16, 2013. *See* R. Doc. 1, p. 4.[3] In this charge, he alleges violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the American with Disabilities Act. *Id.* [4]

Petty filed the instant action on October 3, 2013, seeking punitive damages of $900,000, and removal of his termination letters, as well as any negative remarks made in his personnel file. *Id.* In his complaint, Petty alleges that he was subjected to different terms and conditions of employment by being required to teach in overcrowded classrooms, and maintain conferences with the guardians of children during classroom teaching time. He also alleges that he was denied sufficient books for his students, harassed and denied reasonable accommodations for his unspecified medical conditions before ultimately

---

[3]Petty's complaint states that he was "advised" of his termination on May 1, 2013, but alleges in the EEOC Charge, filed on June 26, 2013, that he allegedly suffered from discriminatory and retaliatory treatment through May 16, 2013. He provides no evidence in support of this time frame. Petty's complaint alleges that he was "discriminated and retaliated against because of my race, black, sex, male, age, 39, and medical condition, in violation of Title VII of the Civil Rights Act of 1964, as amended, the [ADEA] . . . and the [ADA], as amended. . ." *See* R. Doc. 1, p. 2.

[4]The Court has not been provided with a copy of the right to sue notice, therefore it is unsure when the notice was issued. The Court has been provided with a copy of the charge Petty filed with the EEOC. Defendant's argued in its underlying motion that Petty's EEOC claim was closed on July 2, 2013, when the EEOC issued a right to sue letter indicating that "based on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." R. Doc. 5-1, p. 2.

being discharged. *See* R. Doc. 1, pp. 1-2.

On November 11, 2013, in lieu of filing an answer, Defendant, the Orleans Parish School Board ("OPSB") filed the instant **Motion for Dismissal (R. Doc. 5)** pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6), seeking dismissal of Petty's claims on seven separate grounds. *See* R. Doc. 5, p. 1. First, the OPSB argues that Petty's claims should be dismissed because his summons and complaint were not properly served on the President of the OPSB. *Id.* Second, the OPSB argues that Petty's discrimination and third, Petty's retaliation claims, should be dismissed because he has failed to establish that he was treated less favorably than similarly situated employees or that the alleged discrimination was caused by the OPSB's unconstitutional or illegal policies. *Id.*

The OPSB also argues that Petty's complaint does not describe any conduct that caused an adverse employment action, which is necessary to state a claim for retaliation as a matter of law. Fourth, the OPSB argues that Petty fails to state a claim under the Americans with Disabilities Act (the "ADA") which requires identifying a claimant's disability and that reasonable accommodations were requested and denied by the OPSB, both of which are not stated in Petty's complaint. *Id.* at 2. Fifth, the OPSB argues that Petty has not stated a claim for injunctive relief as he has not alleged sufficient facts to present a claim against the OPSB for violating any statutes. *Id.* Sixth, the OPSB argues that Petty has not stated a claim for punitive damages, as the OPSB is immune from punitive damages as a governmental entity. Finally, the OPSB argues that Petty's complaint does not allege sufficient facts to support a state law tort cause of action for intentional infliction of emotional distress, and as such, any potential claims for this fails as a matter of law. *Id.*

**II.      Standard of Review**:

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570,(2007)). A Rule 12(b)(6) motion to dismiss must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. *Gallentine,* at 795; citing *Twombly*, 550 U.S. at 555.

Accordingly, a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; accord *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir.2011); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir.2008).  However,"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In other words, to state a cognizable cause of action, the complaint must allege sufficient facts to "nudge" the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

Nevertheless, the court "must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Elesensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). But the plaintiff's complaint "[must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Gallentine v. Housing Authority of City of Port Arthur, Texas,* 919 F. Supp.2d 787, 794 (E.D. Tex. 2013); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) *cert. denied,* 536 U.S. 960 (2002); (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir.1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); accord *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007); *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007), *cert. denied*, 552 U.S. 1182 (2008).

Generally, the court's analysis should focus exclusively on what appears in the complaint and its proper attachments." *Gallentine,* 919 F. Supp.2d at 794; *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). See e.g, *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir.1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992). The court may, however, consider matters that are outside the pleadings if those materials are matters of public record. *See Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir.2006) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir.1995)); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). However, in ruling on a Rule 12(b)(6) motion to dismiss, the Court cannot look beyond the pleadings, and must "accept as true those well-pleaded factual allegations in the complaint." *See Hall v. Hodgkins,* 305 Fed. App'x. 224, 227, 2008 WL 5352000 at *3 (5th Cir. 2008); *citing Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir. 1994); *Test Masters Educ. Serv's., Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir. 2005). *See also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Rule 12 states that a motion raising defenses listed therein, including Rule 12(b)(6), "must be made before pleading if a responsive pleading is allowed." (emphasis added). Because the OPSB filed this motion in lieu of filing its answer, the underlying motion is timely pursuant to Rule 12(b)(6). *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**III.    Analysis**

The OPSB has sought dismissal of Petty's claims for seven separate grounds. The Court shall address each of them in turn.

   **A.    The Summons and Complaint Were Not Properly Served Upon OPSB:**

The OPSB contends that Petty's complaint should be dismissed for insufficiency of service of process, pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5), as Petty failed to serve the OPSB's President or Vice President, as required under Louisiana law. *See* R. Doc. 5-1, p. 3-4.

Louisiana Revised Statute 17:51 requires that all lawsuits against school boards "shall be served

on the President of the board and in his absence on the vice-president." *See* La.Rev.Stat. 17:51; *see also Lazard v. E. Baton Rouge Parish Sch. Bd.,* No. 3:12-00552, 2013 WL 3772286, at *2 (M.D. La. July 16, 2013). In addition, Fed. R. Civ. P. ("Rule") 4(m) requires that the plaintiff serve the proper defendant within 120 days of filing the complaint with the court. Fed.R.Civ.P.4(m).

However, "if the plaintiff shows good cause for the failure to properly serve, the court must extend the time for service." *Id. See also* Fed.R.Civ.P. 4(m). Courts expect plaintiffs who elect to represent themselves to have the same level of knowledge of the law as attorneys admitted to practice. *Lazard,* 2013 WL 3772286, at *2; citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).[5] However, "the District Court has wide discretion in determining whether to dismiss an action for insufficient service, and courts often give pro se litigants leeway in correcting defects in service of process." *Lazard,* at *2; citing *Lisson v. ING Groep N.V.*, 262 F. Appx. 567, 571 (5th Cir.2007).

Here, Petty filed his complaint on October 3, 2013, and improperly served the OPSB, through its superintendent, Stanley Smith ("Smith"), on October 28, 2013. *See* R. Docs. 1 & 4. In lieu of filing its answer, the OPSB filed the instant motion to dismiss, asserting among several other reasons, insufficiency of service of process as grounds for dismissal of Plaintiff's complaint. *See* R. Doc. 5. Although the Court granted several extensions to file an opposition to the instant motion to dismiss, Petty failed to oppose the underlying motion and provide "good cause" as to why he failed to serve the OPSB properly.

While the Court recognizes that Petty was *pro se* when he instituted this action, *pro se* status does "not otherwise reveal a lack of sophistication, and pro se status, without more, does not automatically constitute good cause for failure to comply with procedural rules." *McClintock v. E. Feliciana Parish Sch. Bd.*, No. 06-2258, 2008 WL 130384 (W.D. La. Jan. 11, 2008) *aff'd in part sub nom. McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363 (5th Cir. 2008). *See* 4B Wright and Miller, FEDERAL PRACTICE

---

[5]Although Petty is now represented by counsel, at the time of the filing of his complaint, he was a *pro se* litigant.

AND PROCEDURE § 1137 n. 6; *Kersh v. Derozier*, 851 F.2d 1509 (5th Cir.1988) (prose plaintiff's ignorance of procedural rules is not good cause for failure to effect service timely). As such, the Court finds that Petty's complaint, served on the Superintendent, and not the President or Vice-President of the OPSB is improper, and should be dismissed without prejudice for insufficiency of service of process.

Although the Court has determined that Petty's complaint should be dismissed without prejudice for the procedurally deficient service of process, the Court shall proceed with analyzing the substance of the remaining issues presented in the OPSB's underlying motion.

### B.  The Complaint Fails to State a Cause of Action Against the OPSB

#### 1.  Race Discrimination

The OPSB argues that Petty's complaint fails to allege sufficient facts to state a cause of action against it for race discrimination, because he has failed to allege that he was treated less favorably than similarly situated employees belonging to a protected class and / or in the alternate that he failed to allege that the discrimination was caused by the OPSB's unconstitutional or illegal policies or procedure. *See* R. Doc. 5-1, p. 6-7.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" *See* 42 U.S.C.§ 2000e-2(a). In order to state a claim for race discrimination under Title VII, a plaintiff must allege (1) that he is a member of a protected class, (2) that he was qualified for the position, (3) that he suffered an adverse employment action, and (4) that others similarly situated were more favorably treated. *See Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830 (E.D. La. 2012); *Durkin v. U.S. Postal Serv.*, 54 F.App'x. 794, 2002 WL 31845206, at *1 (5th Cir.2002) (citing *LaPierre v. Benson Nissan*, 86 F.3d 444, 448 (5th Cir.1996)).

Here, the OPSB only contests the last factor, (4) that Petty failed to establish that other employees

who were similarly situated were treated more favorably than him. Petty's complaint alleges that he was a teacher at McDonough 35 High School in New Orleans, Louisiana, and that he was "subjected to different terms and conditions of employment by being required to teach in overcrowded classrooms, maintain conferences with guardians of children during classroom teaching time, denied sufficient books for students, harassed, denied a reasonable accommodation for my medical conditions, and discharged." *See* R. Doc. 1, p. 1. He also alleges that his employment was terminated on May 1, 2013, for "absenteeism and poor work performance." *Id.*

Petty provides no further support and/or reasoning to support that he was treated less favorably than other similarly situated employees, which is insufficient to state a claim for race discrimination. *See e.g., Williams,* 859 F.Supp. 2d at 830 (this Court dismissed Plaintiff's complaint for failing to state a claim for race discrimination under Title VII because he merely alleged that he, a black employee, was adversely affected by his employer's employment practices because of his race, but failed to allege that others similarly situated were more favorably treated); *Alexander v. Brookhaven Sch. Dist.,* 428 F. App'x. 303, 309 (5th Cir. Jun. 8, 2011)(the Fifth Circuit dismissed plaintiff's complaint because she failed to present evidence of any valid comparator); *Palma v. New Orleans City*, 115 F.App'x. 191, 195 (5th Cir. 2004) (affirming motion to dismiss for failure to state a claim when plaintiff failed to establish "that the adverse employment decision was adversely applied to him"); *Davis v. Mem'l Med. Ctr. of E. Tex.*, 129 F.3d 609, 1997 WL 681068, at *2 (5th Cir. Oct. 7, 1997) (affirming motion to dismiss for failure to state a claim when plaintiff did not claim "that after being discharged, her employer replaced her with a person who is not a member of a class protected by Title VII or that others who are not members of a protected class remained in similar positions").

Because Petty has failed to provide a comparator, the Court finds that Petty's allegation that the OPSB discriminated against him on the basis of race is a "legal conclusion that the Court is not required to accept and [this alone] does not suffice to prevent a motion to dismiss." *Williams,* at 830; citing *Richards*

*v. JRK Prop. Holdings*, 405 F.App'x. 829, 831 (5th Cir.2010). Therefore, Petty's race discrimination claim must be dismissed with prejudice for failing to state a claim upon which relief may be granted.

### 2. Retaliation

The OPSB argues that Petty's complaint does not state a claim for retaliation because it does not describe any protected activity which led him to suffer from an adverse employment action by the OPSB. *See* R. Doc. 5-1, p. 7.

Title VII also makes it unlawful for an employer to discriminate against an employee who has opposed an employment practice made unlawful by Title VII. *See* 42 U.S.C.§ 2000e-3(a). In order to state a claim for retaliation, Petty must allege that (1) he was engaged in protected activity, (2) he was subjected to an adverse employment action, and (3) that there was a causal connection between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir.2002). A Title VII retaliation claim is also subject to the *McDonnell-Douglas* burden framework. See *Turner*, 2011 WL 901022, at *7; citing *Lemaire v Louisiana Dept. of Transp. & Dev.,* 480 F.3d 383, 393 (5th Cir. 2007).

"Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Williams,* at 831; citing *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 385 (5th Cir.2003) (internal quotations omitted). "An adverse employment action is one that a reasonable employee would have found to be materially adverse, which in the retaliation context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Williams,* at 831 (internal citations and quotations omitted); *Puente v. Ridge*, 324 F.App'x. 423, 429 (5th Cir.2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)). An employment action is not materially adverse if it amounts to only "petty slights or minor annoyances that often take place at work and that all employees experience." *Williams,* 859 F. Supp. 2d at 831; *Burlington*,

548 U.S. at 68, 126 S.Ct. 2405.

Here, the OPSB contends that Petty fails to identify that he was participating in any protected activity or conduct, or that he suffered from any materially adverse employment action as a result of such conduct. Although Petty's complaint alleges that he was subjected to different terms and conditions of employment, required to teach in overcrowded classrooms, denied sufficient books for his students, denied reasonable accommodations and harassed, he fails to allege any protected activity within which he was purportedly retaliated against by the OPSB. Furthermore, Petty's EEOC charge, which could be considered protected activity was not filed until June 26, 2013, over one month after he was terminated by the OPSB, on May 1, 2013.

Therefore, he fails to establish any protected activity which would constitute a viable retaliation claim. *See* R. Doc. 1, p. 1, 4. *See e.g., Williams,* 859 F.Supp. 2d at 831 (dismissing plaintiff's retaliation claim because plaintiff alleged that the retaliatory acts of the defendant included "failing to notify him of the start date of the school year, telling him he should retire, and investigating him for abuse of sick leave," which without more the court found did not constitute a viable retaliation claim, "because they would not dissuade a reasonable employee from making a charge of discrimination"); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir.2009) (changing locks on the doors and being chastised by co-workers constituted the type of petty slights and minor annoyances that the Supreme Court held to be not actionable); *Smith v. Harvey*, 265 F.App'x. 197, 201-02 (5th Cir.2008) (investigating employee for unusually high phone bill did not constitute materially adverse employment action). As such, Petty's retaliation claim must be dismissed.

### 3. **Disability**

The OPSB argues that Petty fails to identify any alleged disability, or the reasonable accommodations which he requested because of this disability which the OPSB allegedly denied. *See* R. Doc. 5-1, p. 8.

To state a claim for relief under the Americans with Disabilities Act ("ADA"), Petty must allege that (1) he has a qualifying disability; (2) that he is being denied the benefits of services ... for which the public entity is responsible ...; and (3) that such discrimination is by reason of his disability. *Hay v. Thaler*, 470 F. App'x 411, 417 (5th Cir. 2012); citing *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Here, Petty alleges that the OPSB discriminated against him based on his "medical condition" as the OPSB allegedly "denied [him] a reasonable accommodation." *See* R. Doc. 1, p. 1. However, to state a claim under the ADA, a plaintiff must establish that his disability is one that is "qualifying" under the Act. *See e.g., Nottingham v. Richardson,* 499 F. App'x 368, 377 (5th Cir. Dec. 4, 2012).

Here, Petty merely provides a conclusory allegation that he was denied reasonable accommodations for a "medical condition," but fails to identify any alleged disability within the meaning of the ADA. As such, Petty's allegations are insufficient to withstand a motion to dismiss. *Washington v. E. Baton Rouge Parish Sch. Sys.*, No. 10-503, 2011 WL 4914968, at *3 (M.D. La. Oct. 14, 2011) (dismissal of Plaintiff's ADA claim was appropriate because Plaintiff had not directed the Court to, any specific, nonconclusory facts in the complaint which, if accepted as true, would establish any of the three elements of a claim under the ADA); (*see Liner v. Hosp. Serv. Dist. No. 1 of Jefferson Parish*, 230 F. App'x 361, 364 (5th Cir. 2007); citing 29 C.F.R. § 1630.2(o)(3); *Loulseged v. Akzo Nobel, Inc.*, 178 F.3d 731, 736 (5th Cir.1999) (finding a plaintiff must set forth the efforts made by him and the employer to make a reasonable accommodation for the disability because this helps the Court determine whether the employer "initiated an informal, interactive process to craft a reasonable accommodation" or was unwilling to do so). Accordingly, the OPSB's motion of Petty's ADA - disability claim is dismissed with prejudice.

### 4.     42 U.S.C. § 1983

The OPSB argues that Petty has failed to state a claim against it pursuant to 42 U.S.C. § 1983, as he fails to identify a discriminatory policy, procedure or custom of the OPSB which caused his termination. *See* R. Doc. 5-1, p. 7.

The federal statute, 42 U.S.C. §1983, reads in pertinent part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress. . .

42 U.S.C. §1983 (1994). Although the language of §1983 speaks in terms of "person" the United States Supreme Court has held that municipalities and other local governmental entities, such as school boards may be sued under this statute, but "the plaintiff's alleged deprivation of rights must stem from the school board's unconstitutional or illegal policies or decisions." *Perkins v. Iberville Parish Sch. Bd.,* No. 12-0015, 2013 WL 1856519, at *3-4 (M.D. La. May 2, 2013); citing *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 690-91 (1978). *See also Goudeaux v East Baton Rouge Parish Sch. Bd.,* __ Fed. App'x. __, 2013 WL 5514548, at *6 (5th Cir. Oct. 7, 2013); citing *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). *See also Washington v. E. Baton Rouge Parish Sch. Sys.*, 2011 WL 4914968, at *4; citing *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001) ("[M]unicipal liability under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom.")

Here, it appears that the OPSB has asserted this argument as a precautionary matter, to dismiss any potential *Monell* claims Petty may have asserted in his complaint. However, Petty's complaint makes no reference to 42 U.S.C. § 1983, nor does he allege any unconstitutional policy or decision for which the OPSB may be liable under the statute. As such, the Court finds that Petty fails to state a claim, and any potential claim he intended to assert must be dismissed with prejudice.

### C. The Complaint Does Not State a Claim for Injunctive Relief

The OPSB contends that Petty's complaint fails to state any viable claim of a statutory violation

upon which injunctive relief may be granted, and therefore, should be dismissed. *See* R. Doc. 5-1, p. 8. The Court construes Petty's request for removal of his termination letters, as well as any negative remarks made in his personnel file as a request for injunctive relief. *See e.g., Williams v. Recovery Sch. Dist.,* 859 F. Supp. 2d 824, 828 (E.D. La. 2012).

The availability and scope of injunctive relief is dictated by the nature of the statutory violation. *Id.* See *Doe v. Veneman,* 380 F.3d 807, 818 (5th Cir. 2004) (an injunction must be narrowly tailored "to remedy the specific action which gives rise to the order"). "[T]he scope of injunctive relief is dictated by the extent of the violation established, and an injunction must be narrowly tailored to remedy the specific action necessitating the injunction." *Williams,* 859 F.Supp. 2d at 833; citing *Fiber Sys. Int'l., Inc. v. Roehrs*, 470 F.3d 1150, 1159 (5th Cir. 2006) (internal quotations omitted).

As indicated above, however, Petty has not stated a plausible claim of any statutory violation. Without a "specific action," Petty's request for injunctive relief must be dismissed. *See Williams,* 858 F.Supp. 2d at 828; citing *Pajooh v. Harmon,* 82 Fed.Appx. 898, 899 (5th Cir.2003) (upholding the denial of injunctive relief when plaintiff failed to state a claim upon which relief may be granted). As such, Petty's request for injunctive relief must also be dismissed.

### D.      **The Complaint Does Not State a Claim for Punitive Damages**

The OPSB contends that Petty's claim for punitive damages must be dismissed because the OPSB, as a governmental entity, is exempt from being sued for punitive damages pursuant to 42 U.S.C. §1981(b)(1) and its jurisprudence. *See* R. Doc. 5-1, p. 9.

42 U.S.C. §1981a (b)(1) authorizes punitive damages in discrimination cases, unless the defendant is a government, government agency, or political subdivision of the state. *See Appleberry v. Fort Worth Indep. Sch. Dist.,* 4:12-CV-235-A, 2012 WL 5076039 (N.D. Tex. Oct. 17, 2012); citing *Liner v. Hosp. Serv. Dist. No. 1 of Jefferson Parish,* 230 F. App'x 361, 365 (5th Cir.2007); *Brown v. Unified Sch. Dist. No. 500,* 338 F.Supp.2d 1229, 1231 (D.Kan.2004) (punitive damages for ADA claim not recoverable

against school district as a political subdivision). The OPSB, as a parish school board, is a political subdivision of the State of Louisiana. *See also Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003) (observing that governmental immunity protects from liability "political subdivisions" of the state, including school districts). Therefore, Petty's claim for punitive damages against the OPSB is barred and must be dismissed.

### E. Petty Fails to State an Intentional Infliction of Emotional Distress Claim

The OPSB contends that even if this Court construed Petty's complaint as alleging a state-law intentional infliction of emotional distress claim, Petty has failed to state sufficient facts to support such a claim. *See* R. Doc. 5-1, p. 9.

Under Louisiana law, to state an intentional infliction of emotional distress claim, a plaintiff must "show that the conduct of the defendant was extreme and outrageous, that the emotional distress suffered by the plaintiff was severe, and that the defendant desired to inflict severe emotional distress or knew that such was substantially certain to result from his conduct." *Hankton v. City of New Orleans ex rel. Parking Control Div.*, 2007-0452, 973 So.2d 851, 857 (La. App. 4 Cir. 12/12/07); citing *Succession of Harvey v. Dietzen*, 97-2815, p. 8, 716 So.2d 911, 916 (La.App. 4 Cir. 6/24/98); (citing *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La.1991)).

Here, the Court finds that Petty has not alleged sufficient facts to state a plausible claim of intentional infliction of emotional distress, as Petty has not presented, "among other facts, extreme and outrageous conduct by the defendant, including a desire to inflict or knowledge that severe emotional distress would be substantially certain to result" from its allegedly wrongful conduct. *Malakoff v. Alton Ochsner Med. Found.,* 99-3603, 2000 WL 805232 (E.D. La. June 20, 2000) *aff'd,* 253 F.3d 706 (5th Cir. 2001); citing *White,* 585 So.2d at 1209. As a result, any potential intentional infliction of emotional distress claim alleged by Petty must be dismissed.

### IV. Conclusion

**IT IS ORDERED** that Defendant, Orleans Parish School Board's ("OPSB") **Motion for Dismissal (R. Doc. 5)** is **GRANTED** dismissing **WITH PREJUDICE** Plaintiff, Kerry Petty's ("Petty") claims of discrimination based on race, retaliation, and disability; his claims for injunctive relief, punitive damages, and his state law claim of intentional infliction of emotional distress claims.

**IT IS FURTHER GRANTED** dismissing **WITHOUT PREJUDICE** Petty's claims of age and sex discrimination for insufficiency of service of process, pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5).

New Orleans, Louisiana, this 11th day of February 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**